Filed 3/22/21 National Funding v. Greenberg CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| NATIONAL FUNDING, INC., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> PHILIP GREENBERG, <br><br> Defendant and Appellant. | B298916 <br><br> (Los Angeles County <br> Super. Ct. No. BC670735) |

APPEAL from an order of the Superior Court of Los Angeles County, Maureen Duffy-Lewis, Judge. Dismissed.

Phillip Greenberg, in pro. per., for Defendant and Appellant.

Salisian Lee, Neal S. Salisian, H. Han Pai, Glenn Coffman for Plaintiff and Respondent.

———————————

# INTRODUCTION

Philip Greenberg appeals from an order vacating a default judgment against Greenberg's codefendant Food Equipment Co. Because Greenberg lacks standing to appeal the order, we dismiss the appeal.

# FACTUAL AND PROCEDURAL BACKGROUND

On August 2, 2017 National Funding, Inc. sued Food Equipment and Greenberg for breach of a written loan agreement and breach of a written guaranty, respectively. On September 15, 2017 Greenberg filed an answer on behalf of himself and, purportedly, Food Equipment.[1]

On October 24, 2017 National Funding filed a request for entry of Food Equipment's default, which the trial court entered the same day. On November 20, 2017 National Funding filed an application for entry of a default judgment against Food Equipment.

The trial court entered the Food Equipment default judgment on December 19, 2017. The court also issued a minute order the same day advancing and discharging an order to show cause for National Funding's failure to appear at a case management conference.

On April 2, 2018 National Funding's counsel filed a declaration "regarding case status and request to resume

---

[1]     The record does not contain any evidence Greenberg is licensed to practice law in California and thus eligible to represent Food Equipment. A corporation must be represented by counsel. (*Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284 fn. 5.)

2

litigation against defendant Philip Greenberg." Counsel stated that the trial court docket identified the case status as "default judgment," but that no judgment had been entered against Greenberg. Counsel stated that she "believe[d] the court ha[d] erroneously closed this case," and "respectfully request[ed] that the Court re-open this case, and allow National Funding to resume litigation against Greenberg." Greenberg filed an opposition to the declaration on April 18, 2018; Greenberg asked the court to dismiss National Funding's complaint against him. The trial court did not take any action on either National Funding's or Greenberg's requests.

On June 14, 2018 National Funding filed an ex parte application "to correct the December 19, 2017 minute order and to reopen [the] case against defendant Philip Greenberg." National Funding argued that judgment had not been entered against Greenberg, nor had Greenberg otherwise been dismissed, but that the December 19, 2017 minute order "appear[ed] to have erroneously closed the entire case." The trial court denied the ex parte application without prejudice on June 14, 2018, and instructed National Funding to file a "[n]oticed motion to reopen [the] case." The court "note[d] that Mr. Greenberg was personally served and appeared having filed an answer. Default judgment entered on 12/19/17 was as to defendant Food Equipment Co., only." Greenberg filed a belated opposition to National Funding's ex parte application on August 28, 2018. Greenberg argued that the court should dismiss National Funding's claims against him. Greenberg stated in a declaration filed with his opposition that he had attended the June 14, 2018 ex parte hearing by telephone.

On September 25, 2018 National Funding filed a "motion to correct the December 19, 2017 minute order and to reopen [the]

3

case against defendant Philip Greenberg." National Funding again argued that judgment had not been entered against Greenberg, nor had Greenberg otherwise been dismissed, but that the December 19, 2017 minute order "appear[ed] to have erroneously closed the entire case." Greenberg served, but did not file, an opposition; National Funding filed its reply in support of its motion on October 22, 2018.

On October 29, 2018 the trial court issued an order on National Funding's motion to reopen the case against Greenberg. The trial court's order states:

> "Motion to reopen case wrongly named. Likely moving party meant motion to set aside dismissal. The case has not been dismissed. Action still goes on against individual defendant Philip Greenberg. Two judgments in one case is not the intent of the court.
> The Court hereby stays the action against defendant Greenberg while plaintiff continues collection efforts on judgment against defendant Food Equipment. Status Conference re: Stay of Action as to [d]efendant Greenberg is scheduled for 01/16/19 . . . ."

Following the January 16, 2019 status conference, the trial court issued another order. The January 16, 2019 order states: "Plaintiff will be filing a request to vacate judgment entered against co-defendant Food Equipment, Co. in order to proceed against co-[d]efendant Phillip [*sic*] M. Greenberg, who indicates that he may be filing a motion to dismiss."

On March 22, 2019 National Funding filed a "motion for an order vacating the court's December 19, 2017 judgment." National Funding sought an order vacating the Food Equipment

4

default judgment and lifting the stay of the litigation against Greenberg. In his opposition, Greenberg again asked the trial court to dismiss National Funding's complaint against him.

On May 6, 2019 the trial court granted National Funding's motion. The trial court set aside the default judgment against Food Equipment; Food Equipment remained in default. The court also stated that Greenberg had not been dismissed from the case; the court lifted the stay of the litigation against Greenberg. The court scheduled a case management conference and an order to show cause regarding "entry of default and/or default judgment" for July 9, 2019.

Greenberg appeals from the May 6, 2019 order.

## DISCUSSION

An appeal may be taken only by those who have standing to appeal. "Aggrieved" parties have standing to appeal, meaning that their "rights or interests are injuriously affected by the judgment." (Code Civ. Proc., § 902; see *County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 737.) A party may not take an appeal based on "error that injuriously affected only nonappealing coparties." (*Estrada v. RPS, Inc.* (2005) 125 Cal.App.4th 976, 985.)

The standing requirement is jurisdictional. (*Sabi v. Sterling* (2010) 183 Cal.App.4th 916, 947.) It cannot be waived. (*Conservatorship of Gregory D.* (2013) 214 Cal.App.4th 62, 67; *Marsh v. Mountain Zephyr, Inc.* (1996) 43 Cal.App.4th 289, 295.)

The parties affected by the trial court's order vacating the Food Equipment default judgment are National Funding and Food Equipment. Greenberg and Food Equipment—which Greenberg describes as a "corporate entity" and "the corporate defendant"—are separate parties.

5

Greenberg argues he is injuriously affected by the order vacating the Food Equipment default judgment because he is now "open to repeated litigation" and "could now be financially liable on the August 2, 2017 complaint." Greenberg ignores that he has been a defendant in the case since its inception and has never been dismissed. He is not "open to repeated litigation" as a result of the May 6, 2019 order. He remains a defendant in the same litigation in which he has been a defendant since National Funding filed suit in 2017.

Moreover, nothing prevents National Funding from seeking relief against both Food Equipment and Greenberg. Indeed, National Funding alleges different causes of action against Food Equipment and Greenberg premised on different theories. The injuries Greenberg identifies are injuries that result from being sued by National Funding. They are not injuries that result from the trial court's May 6, 2019 order setting aside a default judgment against a different party.[2]

---

[2]     Greenberg challenges the portion of the May 6, 2019 order vacating the Food Equipment default judgment. To the extent Greenberg challenges the portion of the May 6, 2019 order lifting the stay of the litigation against him, that order is a nonappealable interlocutory order. (See *Koshak v. Malek* (2011) 200 Cal.App.4th 1540, 1545 ["interlocutory or interim orders are not appealable"].)

6

**DISPOSITION**

The appeal is dismissed.  Greenberg's request for judicial notice is denied as moot.


MCCORMICK, J.*


We concur:


SEGAL, Acting P. J.


FEUER, J.

---

*      Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7